791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARLENE C. ARNOT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1342
 United States Court of Appeals, Sixth Circuit.
 4/14/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Arlene Arnot appeals from a district court judgment upholding the Secretary's final decision denying her claim for Disabled Widow's Benefits. On appeal, Ms. Arnot contends that the district court erred in dismissing her complaint because, according to her, there is not substantial evidence to support the Secretary's denial of benefits. Ms. Arnot also argues that the district court erred as a matter of law when it relied upon the Magistrate's Report and Recommendation.
 
 
 2
 Arlene Arnot was 56 years old at the time of her administrative hearing in June of 1983. She is 5'5" tall and weighs about 234 pounds. She has an eighth grade education and can read and write, but she has not worked outside of the home since her marriage. Ms. Arnot's husband died on July 18, 1982.
 
 
 3
 After her husband's death, Ms. Arnot filed a claim for Disabled Widow's Benefits pursuant to 42 U.S.C. Sec. 402(e), claiming a disability by reason of arthritis, diabetes, hypertension and obesity. Her application was denied, both initially and on reconsideration. On June 5, 1983, a hearing was held before an Administrative Law Judge. The ALJ found that Ms. Arnot met the requirements concerning her age and status as the widow of a wage earner but found that she was not under a disability. On November 5, 1983, Ms. Arnot sought review of the ALJ's decision, but the Appeals Council denied review thereby affirming that decision on January 10, 1984.
 
 
 4
 Ms. Arnot filed a complaint appealing the Secretary's final decision in the United States District Court for the Eastern District of Michigan on March 12, 1984. Judge Churchill referred the case to Magistrate Binder who issued a Report and Recommendation advising summary judgment in favor of the Secretary. Judge Churchill adopted the Magistrate's recommendation in an order filed on March 18, 1985. When Ms. Arnot's request for post-judgment relief was denied on April 15, 1985, notice of appeal was filed on April 19, 1985.
 
 
 5
 On appeal, Ms. Arnot initially contends that the Secretary's final decision denying her claim for benefits is not supported by substantial evidence. Specifically, Ms. Arnot argues that there is unrebutted testimony that her back problems qualify as a disability under the Listing of Impairment, Appendix 1, Part A, Musculoskeletal System, 20 CFR Sec. 1.05(C). Ms. Arnot also contends that the Magistrate improperly acted as a fact finder when he independently weighed and evaluated the testimony of certain medical experts. Ms. Arnot therefore contends that it was error for the district court to rely upon the Magistrate's Recommendation and Report to uphold the Secretary's final decision denying benefits.
 
 
 6
 Contrary to the assertion of appellant's counsel, we do not believe that the United States Magistrate improperly acted as a fact finder when he independently reviewed the evidence in the administrative record, although we do agree that it is the findings of the administrative law judge and, where different, of the Appeals Council, which are subject to the substantial evidence standard of review which we must apply here. With that recognition, we nonetheless conclude, as did the district judge, that there is substantial evidence to support the findings of the Secretary.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.